The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Edward Garner, Jr. and the briefs and oral arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
 **********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 17 October 1996 and following as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to the provisions of the North Carolina Workers' Compensation Act.
2. On 27 February 1992, an employment relationship existed between plaintiff-employee and defendant-employer.
3. The carrier on risk at the time of the alleged injury was Legion Insurance Company.
4. Plaintiff's average weekly wage was stipulated by the parties following the hearing as $183.59 per week, resulting in a compensation rate of $122.39 per week.
5. Plaintiff's medical records concerning this claim are admitted as Stipulated Exhibit #1.
6. The issues to be determined are whether plaintiff suffered a compensable injury on 27 February 1992; and if so, what if any, benefits is she entitled; and whether plaintiff's claim is barred in whole or in part by N.C. Gen. Stat. § 97-22.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 27 February 1992 plaintiff was a 45 year old female employed by defendant-employer in food preparation for the salad bar. Plaintiff's job duties included cutting up vegetables for the salad bar and transporting vegetables with a cart from a cooler to the bar.
2. On 2 March 1992 plaintiff sought treatment from Person Family Medical Center complaining of chest pain. Plaintiff did not report that a work-related incident caused or increased her chest pain.
3. Plaintiff had previously sought medical treatment for chest pain prior to the alleged 27 February 1992 injury. On 11 September 1991 she reported a constant dull ache in her chest extending into her shoulder to Person Family Medical Center. Plaintiff again sought treatment from Person Family Medical Center on 4 February 1992 for chest pain, which was worse with movement.
4. On Monday, 2 March 1992, plaintiff reported to her supervisor that she had injured her left side of her chest when a bus cart had knocked over, leaving her holding a case of lettuce.
5. Plaintiff sought treatment several times during 1992 for chest pain. Plaintiff failed to relate to any medical providers of an incident at work and did not further relate any neck pain.
6. On 23 April 1992 plaintiff related to Dr. Watson that her chest pain had started when she was pushing a trash can. On that date, plaintiff was diagnosed with costochondritis. This is a condition which causes pain in the chest wall when the cartilage that attaches the sternum to the ribs becomes inflamed.
7. Plaintiff was again treated for chest pain on 6 May 1992 and on 12 May 1992. Again plaintiff failed to report the chest pain as work related.
8. Plaintiff continued to work for defendant-employer until 10 June 1992. Plaintiff began working for another employer in August, 1992.
9. Plaintiff prepared an Industrial Commission Form 18 on 26 February 1993, alleging the nature of her injuries as ligament damage at sternum and costochondritis. Plaintiff does not allege a neck or back injury.
10. A couple of years later, on 24 June 1994, plaintiff sought treatment from Dr. Marvin Rozear at Person County Memorial Hospital. At that time plaintiff reported she developed chest pain in March, 1992 when lifting a case of lettuce.
11. Costochondritis is a condition which can occur sporadically, or may be caused by a viral inflammation or a musculoskeletal strain.
12. On 16 October 1995, plaintiff sought treatment from Dr. Michael L. Soo, a neurologist, for complaints of left hand numbness and neck pain. A MRI of the cervical spine indicated plaintiff suffered from a bi-lobe disc herniation at C4-5. Plaintiff's symptoms improved after physical therapy and a Medrol Dosepak treatment.
13. Plaintiff has failed to prove by the greater weight of the medical evidence that the herniated disc in her neck was caused by any incident at work on 27 February 1992. Plaintiff did not complain of neck problems until over three (3) years after the alleged incident. A cervical herniated disc produces problems immediately after the rupture, or at least within seven to ten (7-10) days after the incident which caused it.
14. Plaintiff has additionally failed to prove by the greater weight of the evidence that her costochondritis was caused by an incident at work on 27 February 1992.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's costochondritis or herniated disc did not result from an injury by accident arising out of and in the course of plaintiff's employment with defendant-employer on 27 February 1992. N.C. Gen. Stat. § 97-2 (6).
2. Plaintiff has no disease and no disability related to causes and conditions which are characteristic of and peculiar to plaintiff's employment with defendant-employer. N.C. Gen. Stat. § 97-53 (13).
3. Plaintiff is, therefore, entitled to no compensation under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6); N.C. Gen. Stat. § 97-53 (13).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is DENIED.
2. Each side shall bear its own costs.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER